IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JOEL KURTENBACH, d/b/a LITTLE CREEK FARM,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVATIVE AG SERVICES, CO.,<br><br>Defendant. | No. C12-0071<br><br>RULING ON MOTION TO DISMISS |

This matter comes before the Court on the Motion to Dismiss for Lack of Subject Matter Jurisdiction (docket number 12) filed by the Defendant on July 29, 2013, the Resistance (docket number 17) filed by the Plaintiff on August 26, and the Reply (docket number 18) filed by the Defendant on August 28.

Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. PROCEDURAL HISTORY

On July 31, 2012, Plaintiff Joel Kurtenbach, d/b/a Little Creek Farm, filed a complaint in this Court against Defendant Innovative Ag Services, Co. ("Innovative"). Kurtenbach claims that Innovative misapplied herbicide to his farm land, causing damage to his crops. Kurtenbach asserts breach of contract (Count I), negligence (Count II), and breach of an implied warranty of fitness for a particular purpose (Count III). Innovative filed an answer on August 14, 2012, generally denying the material allegations.

On October 9, 2012, the Court adopted a proposed Joint Discovery Plan and Scheduling Order submitted by the parties. In accordance with 28 U.S.C. § 636(c), and the consent of the parties, the case was referred to the undersigned magistrate judge for the conduct of all further proceedings. Following a telephonic scheduling conference, the case was then scheduled for trial to a jury on January 27, 2014.

On July 29, 2013, Innovative filed the instant motion to dismiss. Innovative argues that while it is incorporated under the laws of Illinois, its principal place of business is in Monticello, Jones County, Iowa. Accordingly, it asserts that diversity of citizenship is lacking, thereby precluding the exercise of federal jurisdiction.

## II. RELEVANT FACTS

It is undisputed that Kurtenbach is a citizen of the State of Iowa and resides in Jones County, Iowa. In his complaint, Kurtenbach asserts — and Innovative admits — the following:

> The Defendant, Innovative Ag Services, Co., is a corporation organized and existing under the laws of the State of Illinois, qualified to do business in the State of Iowa, with its principal place of business in Iowa located at 2010 South Main Street, Monticello, Jones County, Iowa 52310.

Complaint (docket number 2) at 1, ¶ 2; Answer (docket number 4) at 1, ¶ 2.

In an affidavit filed in support of the motion to dismiss, Rick Vaughan, the CEO of Innovative Ag Services, Co., affirms that Innovative is incorporated under the laws of Illinois. Vaughan asserts, however, that Innovative "does not have any locations in Illinois."[1] According to Vaughan, Innovative has 33 locations in Iowa and 3 in Wisconsin. Vaughan's affidavit asserts further:

> Innovative Ag Services has its principal place of business in Monticello, Jones County, Iowa. Innovative Ag Services' officers direct, control, and coordinate the corporation's activities out of the Monticello, Jones County, Iowa location. The Jones County, Iowa location is the corporation's "nerve center." It is the place where the corporation maintains its headquarters, and this place is the actual center of direction, control, and coordination.

Affidavit of Rick Vaughan (docket number 18 at 5).

---

[1] Affidavit of Rick Vaughan (docket number 18 at 5).

## III. DISCUSSION

Federal courts are courts of limited jurisdiction, and possess only that power authorized by the Constitution and statutes. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citations omitted). Accordingly, it is Kurtenbach's burden to show that jurisdiction regarding this dispute lies with the federal court.[2]

Article III, section 2 of the Constitution authorizes the extension of federal judicial power to cases between citizens of different states. Congress has determined the scope of that power to include all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a)(1). In his complaint, Kurtenbach asserts that "[e]very issue of law and fact is wholly between citizens of different states."[3] Here, one of the parties is a corporation. For purposes of diversity jurisdiction, Congress has established what constitutes "citizenship" of a corporation:

> [For these purposes] a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State where it has its principal place of business . . .

28 U.S.C. § 1332(c)(1). Accordingly, for jurisdictional purposes, Innovative is a citizen of Illinois (where it has been incorporated) *and* the state where it has its "principal place of business."

The Supreme Court recently clarified the test to be applied in determining where a corporation has its principal place of business. In *Hertz Corp. v. Friend*, 559 U.S. 77

---

[2] While Innovative waited one year before raising this issue, subject-matter jurisdiction may be raised at any time. "If the court determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." FED. R. CIV. P. 12(h)(3). *See also ABF Freight System, Inc. v. International Broth. of Teamsters*, 645 F.3d 954, 962 (8th Cir. 2011) (subject-matter jurisdiction may be raised at any time).

[3] Complaint (docket number 2) at 2, ¶ 4.

3

(2010), the Court reviewed the history of diversity jurisdiction found in the Constitution and the United States Code. The Court discussed the conflicting approaches taken by the Circuit Courts of Appeals, and then articulated the test to be applied:

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the "nerve center," and not simply an office where the corporation holds its board meetings.

*Hertz*, 559 U.S. at 92-93.

Here, there can be no doubt that Innovative's "principal place of business" is in Iowa. While it is incorporated in Illinois, it does not have any business locations in that state. According to the affidavit of its CEO, Innovative has 33 locations in Iowa and 3 in Wisconsin. More importantly, Innovative's CEO asserts that "Innovative Ag Services' officers direct, control, and coordinate the corporation's activities out of the Monticello, Jones County, Iowa location." Because its principal place of business is in Iowa, Innovative is a citizen of *both* Illinois and Iowa.

Kurtenbach argues that because Innovative is a citizen of *both* Illinois and Iowa, that diversity jurisdiction exists. That is, Kurtenbach asks the Court to rely on Innovative's Illinois citizenship, and ignore Innovative's Iowa citizenship, to establish diversity jurisdiction. Kurtenbach candidly admits, however, that he cannot cite any authority for that proposition. Moreover, reading § 1332(a)(1) in the manner suggested by Kurtenbach would defeat the purpose of diversity jurisdiction — *i.e.*, "opening the federal courts' doors to those who might otherwise suffer from local prejudice against out-of-state parties." *Id.* at 85. At one point, a corporation's citizenship for jurisdictional purposes was determined entirely by its state of incorporation. As explained in *Hertz*, however,

Congress was concerned that a corporation could artificially establish federal court jurisdiction by incorporating in a state where it never did business. *Hertz*, 559 U.S. at 85-86 ("Through its choice of the State of incorporation, a corporation could manipulate federal-court jurisdiction, for example, opening the federal court's doors in a State where it conducted nearly all its business by filing incorporation papers elsewhere."). To address this concern, the statute was amended in 1958 to include both the traditional place of incorporation test and the "principal place of business" language. *Id.* at 88.

In this case, it is Kurtenbach, not the corporation, who seeks to invoke federal jurisdiction. The legal principle, however, remains the same. If a corporation has its principal place of business in the same state as the opposing party, then the potential prejudice against an out-of-state corporation does not exist. In other words, because Innovative has its principal place of business in Iowa, it could not invoke its Illinois citizenship to establish federal jurisdiction against an Iowa citizen. *See, e.g.*, *Caribbean Telecommunications Ltd. v. Guyana Tel. & Tel Co. Ltd.*, 594 F. Supp. 2d 522, 530 (D.N.J. 2009) ("The federal diversity statute does not permit domestic corporations to select among their two jurisdictional citizenships in order to preserve or defeat diversity. Diversity must be satisfied by both corporate citizenship designations, otherwise, the corporate citizenship provision would accomplish nothing."); *Panalpina Welttransport GmBh v. Geosource, Inc.*, 764 F.2d 352, 354 (5th Cir. 1985) (Although a corporation may become a citizen in several places for purposes of diversity jurisdiction, a party cannot "pick and choose among the places of citizenship ignoring one or more in an effort to preserve diversity jurisdiction. Such a practice would be contrary to the historical intent of Congress."). For the same reason, Kurtenbach cannot rely on Innovative's Illinois citizenship, and ignore its Iowa citizenship, to invoke diversity jurisdiction. Because both Kurtenbach and Innovative are citizens of Iowa, this case does not involve "citizens of different states" and diversity jurisdiction is lacking.

## ORDER

IT IS THEREFORE ORDERED that the Motion to Dismiss (docket number 12) filed by the Defendant is **GRANTED**. Plaintiff's Complaint (docket number 2) is **DISMISSED**. This case is **CLOSED**.

DATED this 5th day of September, 2013.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA